IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                          Plaintiff,

        v.

ERIK K. SHINESKI,
Secretary, Department of Veterans Affairs,

                         Defendant.

ORDER

10-cv-456-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Glendale Stewart has filed a proposed complaint in which he alleges that his former employer discriminated against him in various ways because of his race, color, disability and because he filed a complaint about the discriminatory treatment, in violation of Title VII of the Civil Rights Act and the Americans with Disabilities Act. These statutes apply to the federal government under 2 U.S.C. § 1311, and the secretary of the agency at issue is the appropriate defendant. 42 U.S.C. § 2000e-16(c).

      Because plaintiff is proceeding in forma pauperis, I must screen his complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915.

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

Having reviewed the complaint, I must deny plaintiff leave to proceed because his complaint violates the Federal Rules of Civil Procedure.

Plaintiff divides his complaint into five claims:

"Claim A" On the basis of race (African American), color (Black) and Disability, the Complainant was subjected to disparate treatment when he became aware on August 14, 2008, that his veteran preference was overlooked and, as a result, he was not selected for a prior Housekeeping Aide, WG-3556 position on May 15, 2008.

"Claim B" On the basis of race (African American), color (Black) and Disability, the complainant was denied reasonable accommodation when on September 5, 2008, because of his lifting restrictions, he was not allowed to work in a light duty position although a white co-worker was able to work in a light duty position.

"Claim C" On the basis of race (African American), color (Black) and Disability and Reprisal (prior EEO activity), the complainant was subjected to disparate treatment when, on September 16, 2008, he was discharged during his probationary period because of unsatisfactory conduct.

"Claim D" On the basis of race (African American), color (Black) and Disability, the Complainant was subjected to discriminatory harassment as evidenced by the following:

> a) On August 14, 2008, that his veteran preference was overlooked and, as a result, he was not selected for a prior Housekeeping Aid, WG-3566 position on May 15, 2008;
>
> b) On September 5, 2008, because of his lifting rstriction he was not allowed to work in a light duty position

2

     although a white worker was able to work in a light duty position;

     c) On September 16, 2008, he was discharged during the probationary period because of unsatisfactory conduct;

     d) In Reports of Contact dated August 30, 2008 and August 31, 2008 Duane Rose fabricated what had occurred regarding his back injury;

     e) On September 11, 2008, Mr. Duane Rose pushed him but stated that the (complainant) had walked into his (Mr. Rose) hands.

"Claim E" On the basis of race (African American), color (Black), Disability and Origin the Complainant was subjected to disparate treatment when he became aware on August 14, 2008, that his veteran preference was overlooked, and as a result, he was not selected for a prior Housekeeping Aide, WG-3556, position on May 15, 2008.

 Unfortunately, plaintiff includes few other facts in his complaint. As plaintiff knows from another lawsuit he filed, <u>Stewart v. Capital Newspapers</u>, 09-cv-554-slc, Rule 8 requires a plaintiff to provide in his complaint a short and plain statement showing that he is entitled to relief. In its current form, plaintiff's complaint does not comply with this rule. Accordingly, if plaintiff wishes to proceed with claims, he must file an amended complaint that provides adequate notice. To help plaintiff in drafting a new complaint, I will discuss the problems with each of his claims.

  Claim A is unclear. Plaintiff seems to be saying that defendant discriminated against

3

him by failing to take into account his status as a veteran. If this is what plaintiff is alleging, it does not state a claim. Neither Title VII nor the ADA requires employers to consider an applicant's status as a veteran when making hiring decisions. If plaintiff believes that defendant declined to consider his service *because of* his race, color or disability, plaintiff should explain why he believes this.

Another problem with this claim and all the claims in which plaintiff is asserting disability discrimination is that plaintiff does not identify what his disability is. A plaintiff may not sue under the ADA unless he has a "physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A). It is impossible to tell from plaintiff's complaint whether he may meet this requirement.

Claim B is unclear as well. He alleges that he "was denied reasonable accommodation when on September 5, 2008, due to his lifting restrictions, he was not allowed to work in a light duty position." This seems to be inconsistent with Claim A, in which he alleges that defendant refused to hire him in May 2008. If plaintiff was not hired in May 2008, why is he complaining about failing to receive an accommodation from defendant in September 2008? It may be that plaintiff was seeking a promotion or a different job with the same employer in May 2008, but if that is so, plaintiff should identify the position he held and any other relevant circumstances.

The alleged discrimination is unclear as well. Is plaintiff saying that his lifting

4

restrictions prevented him from working light duty and defendant failed to provide an accommodation that would permit him to work? Or is he saying that allowing him to work light duty is the reasonable accommodation that defendant failed to provide? Plaintiff should make this clear if he chooses to file an amended complaint.

With respect to Claim C, plaintiff alleges that defendant fired him because of his race, color, disability and "prior EEO activity." However, he fails to identify what that "prior activity" is to allow a determination whether it is protected under federal law. In addition, he does not explain why he believes any of these four things was a reason he was fired. This information should be included in the amended complaint.

In Claim D plaintiff is asserting a claim for harassment because of race, color and disability. However, most of the allegations regarding this claim are the same as those related to his claims for disparate treatment, so they cannot provide the basis for another claim. The only new allegations are that someone named Duane Rose "fabricated what had occurred regarding [plaintiff's] back injury" and later "pushed him." These allegations do not state a claim under federal law.

An employee may sue for harassment under federal law when he is subjected to unwelcome harassment because of a protected characteristic, the harassment was sufficiently severe or pervasive so as to alter the condition of his employment and there is a basis for employer liability. Kampmier v. Emeritus Corp., 472 F.3d 930, 940 (7th Cir. 2007).

5

Plaintiff's allegations do not meet any of these elements. They do not suggest severe or pervasive conduct because of his race, color or disability and they do not suggest that plaintiff's employer could have prevented Rose from acting the way he did.

Finally, Claim E seems to be the same as Claim A, so I need not consider it separately.

ORDER

IT IS ORDERED that plaintiff Glendale Stewart may have until October 27, 2010 to file an amended complaint that complies with Fed. R. Civ. P. 8, as described in this order. If plaintiff fails to respond by October 27, the complaint will be dismissed and the case will be closed for plaintiff's failure to prosecute.

Entered this 13th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge