IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                Plaintiff,

     v.

ERIK K. SHINSEKI,
Secretary, Department of Veterans Affairs,

                Defendant.

ORDER

10-cv-456-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                Plaintiff,

     v.

ERIK K. SHINSEKI,
Secretary, Department of Veterans Affairs,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,

                Defendants.

ORDER

12-cv-337-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                Plaintiff,

     v.

REGINALD MOODY,
MADISON AREA TECHNICAL COLLEGE/MADISON COLLEGE
(OFFICIALS AND STAFF MEMBERS),
RICHARD RICE, FOX & FOX,

ORDER

12-cv-338-bbc

CAPITAL NEWSPAPERS, INC. and
CAPITAL TIMES NEWSPAPERS,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                    Plaintiff,

    v.

ORDER

12-cv-339-bbc

RICHARD F. RICE AND FOX, FOX S.C., CAPITAL NEWSPAPERS, INC.,
CAPITAL TIMES NEWSPAPERS, FOLEY & LARDNER,
DEPARTMENT OF WORKFORCE DEVELOPMENT, AEROTEK,
SYNERGY WEB GRAPHICS, INC, CROCKETT TECHNOLOGIES,
PRO-ACTIVE ENGINEERING, INC., SARIS CYCLING GROUP,
TRANSPORTATION SECURITY ADMINISTRATION,
SARA LEE BAKERY, A.M. MAILING SERVICES, LLC,
HARLAN SPRAGUE DAWLEY, INC., UNITED VACCINES, INC,
THERMAL SPRAY TECHNOLOGIES, INC., SCIENTIFIC LABORATORIES, INC.,
WALGREEN'S DISTRIBUTION CENTER, UW HOSPITAL AND CLINICS,
FRANKLIN FUELING, HOME HEALTH UNITED, HOSPICE CARE, INC,
TOWN AND COUNTRY ELECTRIC, FOUR LAKES LABEL,
KELLY SERVICES, STEVE BROWN APARTMENTS and
MADISON AREA TECHNICAL COLLEGE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment has been entered in favor of the defendants in these four cases brought by plaintiff Glendale Stewart. Now plaintiff has filed a motion in which he seeks appointment of counsel in each of the four cases. The caption of plaintiff's motion lists a fifth case, No. 09-cv-554-slc, but because plaintiff consented to that case being decided by Magistrate Judge Steven Crocker, I cannot resolve the motion with respect to that case.

      It is not clear why plaintiff wants counsel to be appointed for him. The cases are

closed and plaintiff did not file an appeal. Presumably, he wants to vacate the judgments in each case and retry them from the beginning after counsel is appointed. However, the circumstances in which a party may reopen a case are limited and include circumstances such as newly discovered evidence or a fraud on the court. Fed. R. Civ. P. 60(b). Plaintiff has not shown that any of the grounds listed in Rule 60(b) is present in this case.

Even if I had discretion to vacate the judgments, plaintiff has not provided any grounds for appointing him counsel. In his motion, plaintiff says that his cases were dismissed because he "failed to follow proper procedure," but that is incorrect. I dismissed Case no. 10-cv-456-bbc because he presented no evidence that the Department of Veteran Affairs discriminated against him in violation of federal law. I dismissed Case no. 12-cv-337-bbc because some of the claims were the same as those he raised in Case no. 10-cv-456-bbc, which is not permitted under federal law, and because the other claims had no merit. I dismissed Case no. 12-cv-338-bbc because his allegations showed that the defendants did not violate his rights. I dismissed Case no. 12-cv-339-bbc the claims were the same as those he raised in Case nos. 09-cv-554-slc and 11-cv-413-bbc.

Although it is clear that plaintiff believes strongly that the defendants in all of these cases wronged him, he has identified no reason that any of his cases would have turned out differently if he had a lawyer. He repeats the same conclusory allegations he has made in the past that defendants "conspired to destroy [his] livelihood," but he cites no admissible evidence to support his belief. Under these circumstances, appointment of counsel would serve no useful purpose.

ORDER

IT IS ORDERED that plaintiff Glendale Stewart's motion for appointment of counsel

3

is DENIED.

Entered this 8th day of November, 2012.

                                               BY THE COURT:
                                               /s/
                                               BARBARA B. CRABB
                                               District Judge